# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Doria, | No. CV-25-08078-PCT-SMB |
|     Plaintiff, | **ORDER** |
| v. | |
| Select Quote Insurance Services Incorporated, | |
|     Defendant. | |

Pending before Court is Plaintiff's Complaint (Doc. 1). After screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds that he fails to state a claim upon which relief may be granted. Therefore, the Court will **dismiss** Plaintiff's Complaint with leave to amend.

## I.   BACKGROUND

This case involves two causes of action that this Court dismissed without prejudice in Plaintiff's prior case before this Court. *See Doria v. SelectQuote Ins. Servs.*, CV-24-08219-PCT-SMB, 2025 WL 886839, at *1 (D. Ariz. Mar. 21, 2025). In the previous matter, the Court dispensed with Plaintiff's claims under the Americans With Disabilities Act ("ADA") and Title VII of Civil Rights Act of 1964 because he had not received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See id.* Plaintiff was allowed to proceed on his Fair Labor Standards Act ("FLSA") claim, which the Court dismissed with prejudice after Defendant paid Plaintiff in excess of what he could have recovered at trial. *See id.* at *3–4.

1  Plaintiff has since received the EEOC right to sue letter and now reasserts his ADA and Title VII claims against Defendant. (*See* Doc. 1 at 6–7.) Plaintiff also asserts wrongful termination in violation of Arizona public policy. (*Id.* at 7.)

## II. LEGAL STANDARD

The Court must review the Complaint to determine whether the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, Federal Rule of Civil Procedure 8(a) requires that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

## III. DISCUSSION

### A. ADA Claim

Plaintiff claims that Defendant failed to provide reasonable accommodations as required under the ADA. (Doc. 1 at 6–7.) The ADA prohibits an employer from

discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Employers have a legal duty to reasonably accommodate the "known physical or mental limitations of an otherwise qualified individual." 42 U.S.C. § 12112(b)(5)(A); *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) ("The ADA treats the failure to provide a reasonable accommodation as an act of discrimination if the employee is a qualified individual."). To state a prima facie case for discrimination, Plaintiff must demonstrate: "(1) [H]e is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003).

Under 42 U.S.C. § 12102(1), "disability" means "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *See also* 29 C.F.R. § 16030.2(g)(2). The Court need not decide whether Plaintiff's alleged disabilities qualify as such because he fails to sufficiently allege that Defendant knew about his disabilities.

This Court has explained that:

> An employee is not required to give notice to an employer that he is disabled because there are real concerns that there may be potential negative consequences from disclosing a psychiatric disability. However, an employer's duty to accommodate an employee's disability is triggered by the employee's request for a reasonable accommodation. So, at least, an employee must disclose his disability when requesting an accommodation.

*Trammel v. Raytheon Missile Sys*, 721 F. Supp. 2d 876, 878–79 (D. Ariz. 2010) (citations omitted). In this case, therefore, Defendant could not have violated the ADA based on the facts alleged because Plaintiff never requested an accommodation. *See id.*; *cf. Lopez v. Pac. Marine Ass'n*, 657 F.3d 762, 765 (9th Cir. 2011) (finding that the employer did not violate the ADA where he did not know of the plaintiff's condition before disqualifying him from employment as a longshoreman). Therefore, Plaintiff's ADA claim will be dismissed.

### B. Title VII Claim

Plaintiff claims Defendant retaliated against him in violation of Title VII for placing consumers on a Do Not Call ("DNC") list in accordance with federal law. (Doc. 1 at 6.) To establish a prima facie case of retaliation under Title VII a plaintiff must show "(1) involvement in a protected activity; (2) an adverse employment action; and (3) a causal link between the two." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000); *see also* 42 U.S.C. §§ 2000e–2000e-3. The Court could not locate a case in which placing customers on a DNC list constitutes a protected activity under Title VII. To be sure, Title VII anti-retaliation provision forbids employer actions that "discriminate against an employee (or job applicant) because he has opposed a practice that Title VII forbids," *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (internal quotation marks omitted), such as failure to hire an individual on the bases of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Therefore, because placing consumers on a DNC list is not a protected activity, Plaintiff has failed to state a claim and the Court will dismiss the Title VII claim.

### C. Wrongful Termination in Violation of Arizona Public Policy

In Arizona, an employee can sue an employer for wrongful termination under the Arizona Employment Protection Act ("AEPA") if the employee's termination violates public policy. *Vellon v. Maxim Healthcare Servs., Inc.*, No. CV 08-263-TUC-FRZ, 2008 WL 11338452, at *5 (D. Ariz. 2008). The AEPA provides:

> An employee has a claim against an employer for termination of employment if . . . the employer has terminated the employment relationship of an employee in retaliation for . . . [t]he refusal by the employee to commit an act or omission that would violate the Constitution of Arizona or the statutes of this state.

Ariz. Rev. Stat. § 23-1501(A)(3)(c)(ii).

Plaintiff does not expressly assert a claim under the AEPA, but the Court understands his claim to fall under the Act. (*See* Doc. 1 at 7.) Here, Plaintiff alleges that he strictly complied with the Telephone Consumer Protection Act ("TCPA") requirements, which resulted in him adding more persons that usual to the DNC list. (*Id.* at 4.) He also

alleges that Defendant had a financial incentive to not comply with the TCPA because each consumer placed on the DNC was a potentially lost lead. (*Id.*) Plaintiff was terminated on the day he was set to graduate from an initial training period because he placed consumers on the DNC list at high rate. (*Id.* at 5, 7.) According to Plaintiff, this amounted to retaliation because he was terminated for refusing to engage in acts that would violate the TCPA. (*Id.* at 7.)

Though Plaintiff alleges that Defendant had a financial incentive to avoid proper use of the DNC call list, he does not allege that Defendant asked him to commit unlawful acts. *See* Ariz. Rev. Stat. § 23-1501(A)(3)(c)(ii). It logically follows, then, that Plaintiff was not terminated for refusing an order to violate state or federal law. Thus, without more specific allegations, the Court cannot infer that because a company has an alleged financial incentive to commit illegal acts, that it retaliated against Plaintiff for refusing to undertake such acts. Therefore, the Court will dismiss this claim.

## IV.  LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up). The Court will grant Plaintiff leave to amend his entire Complaint. Plaintiff's Amended Complaint must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

The Court draws attention to the District of Arizona's Federal Court Advice Only Clinic, Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov). The Court also notes the E-Pro Se program which assists litigants with creating a complaint form, Welcome - eProSe (uscourts.gov). Lastly, the

- 5 -

1 Court advises Plaintiff that certain resources for self-represented parties, including a
2 handbook and the Local Rules, are available on the Court's website,
3 www.azd.uscourts.gov, by following the link "For Those Proceeding Without an
4 Attorney."

### V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with leave to file an Amended Complaint within thirty (30) days of the date this Order is entered.

**IT IS FURTHER ORDERED** that if Plaintiff does not file an Amended Complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 25th day of April, 2025.

Honorable Susan M. Brnovich
United States District Judge