THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE __CIVIL 5.4__
(Rule Number/Section)

___ FILED       ___ LODGED
___ RECEIVED    ___ COPY

MAY 0 1 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Daniel Doria
989 S Main St Ste A PMB 407
Cottonwood, AZ 86324
702-279-5326
danieldoria105@yahoo.com

# IN THE U.S. DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

401 W Washington St., Phoenix, AZ 85003

Case No.: 3:25-cv-08078-SMB

**FIRST AMENDED COMPLAINT**

TRIAL AND OR APPOINTMENT OF COUNSEL REQUESTED FOR CAUSE

**DANIEL DORIA,**
**Plaintiff,**

vs.

**SELECT QUOTE INSURANCE SERVICES INC.**
**Defendant**

---

**FIRST AMENDED COMPLAINT**               Case No.: 3:25-cv-08078-SMB

1

## I. PLAIN STATEMENT OF CLAIMS

Plaintiff Daniel Doria asserts three claims against SelectQuote Insurance Services, Inc.:

1. Violation of the Americans with Disabilities Act (ADA) for failure to accommodate a known disability due to lack of accurate job disclosure and constructive notice.
2. Wrongful Termination in Violation of Arizona Public Policy, based on refusal to engage in unlawful business practices involving improper handling of Do Not Call (DNC) requests.
3. Breach of Implied Contract and Procedural Fairness based on deviation from promised and practiced evaluation standards.
4. A Right to Sue letter has been issued by the EEOC (Exhibit A).

## II. JURISDICTION AND VENUE

BLUF: Federal question jurisdiction exists and venue is proper.

1. This Court has jurisdiction under 28 U.S.C. § 1331, as the action arises under the Americans with Disabilities Act (ADA) and Arizona common law.
2. Venue is proper under 28 U.S.C. § 1391(b) because the acts alleged occurred in this District.

**FIRST AMENDED COMPLAINT**  Case No.: 3:25-cv-08078-SMB

## III. PARTIES

BLUF: Plaintiff is a former employee and Defendant is an employer operating in Arizona.

3. Plaintiff Daniel Doria is a resident of Yavapai County, Arizona.
4. Defendant SelectQuote Insurance Services, Inc. is a corporation doing business in the State of Arizona.

## IV. FACTUAL ALLEGATIONS

BLUF: Plaintiff was not accurately informed of essential job requirements, preventing appropriate disability accommodation.

5. Plaintiff began employment with SelectQuote on October 7, 2024.
6. Plaintiff was evaluated based on strict word-for-word script adherence, enforced via Quality Assurance (QA) reviews, which was not disclosed prior to or during onboarding.
7. For example, an acceptable greeting per SelectQuote scripting might be: "Hi, this is Daniel with SelectQuote. How are you doing today?" Slight variations, such as

"Hello, this is Daniel calling from SelectQuote. How's everything going?" would result in a QA failure, despite conveying the same substantive meaning.

8. Plaintiff's disability involves anxiety and speech disruption triggered by high-pressure, rigid scripting expectations, though Plaintiff's legal compliance and business outcomes remained unaffected.

BLUF: Management had constructive notice of Plaintiff's disability symptoms during call monitoring.

9. During new hire training and live call monitoring, Plaintiff exhibited stuttering and frantic, out-of-order speech consistent with his known disability symptoms.

10. Management, through regular call audits during the two-week training period and four days on the sales floor, was exposed to these symptoms.

BLUF: Plaintiff sought to discuss accommodations but was denied.

11. Upon being informed of termination on October 25, 2024, Plaintiff attempted to discuss reasonable accommodations but was rebuffed and the call was abruptly ended.

BLUF: Plaintiff was coached to violate federal DNC law but refused.

12. Plaintiff was instructed by Derrick Shaw during training that consumers must specifically say "put me on your Do Not Call list" to be placed on DNC status,

FIRST AMENDED COMPLAINT                                Case No.: 3:25-cv-08078-SMB

contrary to 47 C.F.R. § 64.1200(d)(3) instead of honoring any clear request as the law requires

13. FCC Orders Interpreting 47 C.F.R. § 64.1200(d)(3): The FCC clearly states that: "Telemarketers must honor do-not-call requests made during a call and must ensure that consumers' requests are respected even if not worded precisely." (Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd 14014, 138 (2003)).

14. The FTC says under DNC regulations:

"A seller or telemarketer must treat a statement such as 'Don't call me again' as a request to be placed on the seller's entity-specific DNC list." (FTC, Complying with the Telemarketing Sales Rule, 2016, p. 23–24).

15. Plaintiff, recognizing the conflict, coached consumers on Defendant's policies when asked, and how to achieve DNC placement when they clearly requested cessation of contact, thereby complying with Defendant's policies, but not having the desired effect of retaining a lead.

BLUF: Plaintiff's refusal led to termination under a false pretext.

14. Plaintiff's DNC placements were flagged and reviewed by management, and Plaintiff was terminated shortly thereafter under the false pretext of QA

noncompliance despite meeting or exceeding business performance thresholds (see Exhibit C).

BLUF: Plaintiff's termination was based on inaccurate and outdated evaluation metrics.

15. Plaintiff's real-time performance was measured through SelectQuote's Ranger system, which reflected accurate, live QA grading during employment (see Exhibit B).
16. However, Plaintiff's termination was based on outdated and delayed commission-based QA reports, not the live Ranger evaluation (see Exhibit D).
17. This deviation from the performance measurement method used throughout training and active employment deprived Plaintiff of procedural fairness, creating an unfair surprise and a breach of implied contractual expectations regarding evaluation and continued employment.

---

V. CLAIMS FOR RELIEF

Count I: Failure to Accommodate (ADA)

BLUF: Defendant failed to engage in the interactive process despite constructive notice.

18. Plaintiff had a disability under the ADA.

19. Defendant knew or should have known of Plaintiff's disability based on observable symptoms during training and live calls.
20. Defendant failed to disclose essential job functions related to rigid scripting prior to hiring.
21. Defendant refused to engage in an interactive process when Plaintiff sought accommodation upon learning of termination criteria.

Count II: Wrongful Termination (Violation of Arizona Public Policy)

BLUF: Plaintiff was fired for refusing to violate federal law protecting consumer DNC rights.

22. Plaintiff was instructed to disregard consumer DNC requests unless specific language was used, contrary to federal regulations.
23. Plaintiff refused to participate in unlawful business practices.
24. Plaintiff was terminated for this refusal in violation of Arizona's public policy protecting lawful conduct.

Count III: Breach of Implied Contract and Procedural Fairness

BLUF: Defendant breached implied contractual expectations by changing performance evaluation standards at the point of termination.

25. Plaintiff was trained and evaluated using SelectQuote's Ranger live QA system.

26. Plaintiff met or exceeded expectations under the Ranger system.

27. Defendant terminated Plaintiff based on outdated, delayed commission-focused QA metrics that did not reflect real-time performance.

28. This shift deprived Plaintiff of procedural fairness and constituted a breach of implied contractual expectations regarding evaluation and continued employment.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

A. Award compensatory damages; B. Award punitive damages; C. Order reinstatement or front pay; D. Grant such other relief as the Court deems just and proper.

DATED this 25th day of April 2025.

Respectfully submitted,

/s/ Daniel Doria
Daniel Doria
989 S Main St Ste A PMB 407
Cottonwood, AZ 863246
702-279-5326
danieldoria105@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on April 25, 2025, this document was served via **email to:
Christopher Helt and

**FIRST AMENDED COMPLAINT**                               Case No.: 3:25-cv-08078-SMB

Carlos Gutierrez
chelt@littler.com | cgutierrez@littler.com
/s/ Daniel Doria

# EXHIBIT A

# Right to Sue Letter



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/02/2025

**To:** Mr. Daniel T. Doria
989 S. Main St Ste A PMB 407
Cottonwood, AZ 86326
Charge No: 540-2025-00583

EEOC Representative and email:   PATRICIA MINER
Supervisory Investigator
patricia.miner@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 540-2025-00583.

On behalf of the Commission,

*Melinda Caraballo*
Melinda Caraballo
District Director

Cc:
Jeannie M DeVeney
Littler
1201 Walnut Street Ste 1450
Kansas City, MO 64106

Christopher Helt
Littler
1201 Walnut Street Suite 1450
Kansas City, MO 64106

Deanne Gash
Select Quote Insurance Services, Inc.
6800 W 115TH ST STE 2511
Overland Park, KS 66211


Please retain this notice for your records.

# EXHIBIT B

# True/Live QA Performance (Ranger)



**FIRST AMENDED COMPLAINT**                                    Case No.: 3:25-cv-08078-SMB



**FIRST AMENDED COMPLAINT**                                  Case No.: 3:25-cv-08078-SMB

# EXHIBIT D
## Delayed Sales Metrics



**FIRST AMENDED COMPLAINT**  Case No.: 3:25-cv-08078-SMB

18