**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T Doria, | No. CV-25-08078-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| SelectQuote Insurance Services Incorporated, | |
| Defendant. | |

Before the Court are Defendant's Motion to Dismiss (Doc. 23); Plaintiff's Motion for Leave to File Sur-Reply (Doc. 32); Defendant's Motion to Strike Plaintiff's Motion for Leave to File Sur-Reply (Doc. 34); and Plaintiff's First Motion to Amend (Doc. 36). The Court **grants** Defendant's Motion to Dismiss, but **denies** the remaining Motions for the reasons below.

## I.    BACKGROUND

Plaintiff appears pro se. Plaintiff's Second Amended Complaint ("SAC") alleges as follows. Defendant, through Plaintiff's corporate trainer and recruiter, told Plaintiff that it would evaluate all newly hired employees' performances through a quality assurance ("QA") monitoring tool called "Ranger." (Doc. 13 at 4.) On October 25, 2024, Defendant terminated Plaintiff based on a 76% QA score reported on Quicksight—a different monitoring tool. (*Id.*) Defendant terminated Plaintiff within his first week of employment. (*Id.* at 5.) Plaintiff avers Quicksight's program lags behind real-time data, and Defendant did not disclose this as an evaluation tool. (*Id.* at 4.) Plaintiff holds that his Ranger QA

score exceeded the required satisfactory threshold, but Defendants refused to consider the score. (*Id.*)

Plaintiff's SAC asserts a claim for breach of an implied contract.[1] (*Id.* at 5–6.) Specifically, Plaintiff alleges Defendant breached the affirmative representation that Plaintiff would be evaluated using QA stats from Ranger by terminating him based on Quicksight's report. (*Id.* at 6.) Defendant now moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). (Doc. 23.)

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[1] Plaintiff's SAC reasserts the wrongful termination claim the Court previously dismissed with prejudice. (Doc. 12 at 6.) Therefore, the Court will not consider it here.

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III.    DISCUSSION

The essence of Plaintiff's claim is that Defendant terminated him in violation of an implied contract that Defendant would make any performance-based decisions solely on QA stats from Ranger. This claim is subject to the Arizona Employee Protection Act ("AEPA"), A.R.S. § 23-1501. *See Ferren v. Westmed Inc.*, No. CV-19-00598-TUC-DCB, 2021 WL 778545, at *3 (D. Ariz. Mar. 1, 2021) ("The AEPA exclusively governs employee breach of contract claims resulting from termination."). Here, the AEPA precludes Plaintiff's claim.

Prior to AEPA, Arizona law was clear that all employment relationships were presumably at-will—*i.e.*, terminable with or without cause. *Taylor v. Graham Cnty. Chamber of Com.*, 33 P.3d 518, 526 (Ariz. Ct. App. 2001). During this pre-enactment period, the Arizona "supreme court recognized exceptions to the at-will presumption based not only on public policy grounds but also on theories of 'implied-in-fact' contracts and the 'implied covenant of good faith and fair dealing.'" *Id.* at 527 (quoting *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1036 (Ariz. 1985)). "But the plain wording and legislative intent of [AEPA] have changed [that] legal landscape." *Id.*

"The legislature's stated intent in enacting [AEPA] was to limit the circumstances

- 3 -

in which a terminated employee can sue an employer to those situations involving either qualifying written contracts or an employer violating the public policy of the state as enunciated in the state constitution and statutes." *Johnson v. Hisp. Broadcasters of Tucson, Inc.*, 2 P.3d 687, 689 (Ariz. Ct. App. 2000). The first situation is implicated here but is plainly inapplicable.

The AEPA bakes in the presumption of at-will employment with only few exceptions. "The first exception arises if 'both the employee and the employer have signed a written contract to the contrary setting forth that the employment relationship shall remain in effect for a specified duration of time.'" *Taylor*, 33 P.3d at 527 (quoting § 23-1501(2)). "The second exception also requires 'a written contract,' signed by 'both the employee and the employer,' that 'otherwise expressly restrict[s] the right of either party to terminate the employment relationship." *Id.* (quoting § 23-1501(2)). In the absence of a written contract, a plaintiff cannot establish either exception. Ergo, an implied contract cannot overcome the at-will presumption. *See, e.g.*, *Rajasundaram v. Maricopa Cnty. Cmty. Coll. Dist.*, No. CV-20-01544-PHX-SPL, 2021 WL 1117324, at \*10 (D. Ariz. Mar. 24, 2021) (holding that the "AEPA precludes claims for the breach of implied covenant of good faith and fair dealing").

There are no facts to suggest Defendant and Plaintiff memorialized in writing that all performance would be evaluated through Ranger. But even if there were, the promise to use Ranger is not a promise to only terminate Plaintiff based on poor metrics from Ranger. Therefore, the Court finds that Plaintiff fails to plead a viable claim under AEPA and that further leave to amend would be futile.[2] The Court denies Plaintiff's Motion for Leave to File Sur-Reply because Defendant does not raise any new issues.

IV.   **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED granting** Defendant's Motion to Dismiss (Doc. 23).

---

[2] Plaintiff filed his Motion for Leave to Amend to file his SAC out of concern that his SAC was not the operative complaint. (Doc. 36.) Plaintiff is mistaken. The SAC is the current controlling pleading. Therefore, the Court denies Plaintiff's Motion as moot.

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Leave to File Sur-Reply (Doc. 32) and **denying as moot** Defendant's Motion to Strike Plaintiff's Motion for Leave to File Sur-Reply (Doc. 34) and Plaintiff's Motion to Amend (Doc. 36).

**IT IS FURTHER ORDERED dismissing** Plaintiff's claim with prejudice and directing the Clerk of Court to enter judgment in favor of Defendant and terminate this case.

Dated this 3rd day of June, 2026.

Honorable Susan M. Brnovich
United States District Judge